FILED
2021 Apr-19 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# “A”

Lincoln Financial Group®

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

**The Lincoln National Life Insurance Company**
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
www.Lincoln4benefits.com

August 8, 2017

ANNA O'MARY
1207 WOODHILL COURT
MONTGOMERY, AL 36109

RE: Extension of Death Benefit
Policyholder: ARONOV REALTY MANAGEMENT INC
Policy Number: 00001013859400000
00040013871400000
Claim Number: 1170064726
1170064727
Claimant: Anna O'Mary

Dear Mrs. O'Mary:

In order to provide the highest quality of customer service, The Lincoln National Life Insurance Company has implemented an integrated process that provides a prompt assessment of the Extension of Death Benefit provided by your Group Life Policy. Eligibility for this benefit does not have to be initiated by you or your employer. We conduct this assessment to determine whether your group life insurance coverage can remain in force without payment of premiums as defined in the Extension of Death Benefit provision.

In order for you to qualify for continued coverage without the payment of premiums under the group life policy issued to ARONOV REALTY MANAGEMENT INC by The Lincoln National Life Insurance Company, it must be established that you are Totally Disabled. The policy defines Totally Disabled as follows:

For Basic Life:

> An Insured person (1) is unable, due to sickness or injury, to engage in any employment or occupation for which such Insured Person is or becomes qualified by reason of education, training or experience; and (2) is not engaging in any gainful employment or occupation.

For Voluntary Life:

©2017 Lincoln National Corporation www.lincoln4benefits.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

An Insured person (1) is unable, due to sickness or injury, to engage in any employment or occupation for which you are or become qualified by reason of education, training, or experience; and (2) are not engaging in any gainful employment or occupation.

Information submitted on your claim does not support that you are Totally Disabled per the definition above. A brief summary of your medical records dated through your six month elimination period, which began 12/23/16, is as follows:

The documentation on file shows you ceased active work due to Spondylosis without myelopathy or radiculopathy and spondylolysis of the lumbar region.

Office visit notes with Dr. Mamerhi Okor dated 1/27/17 stated that you were being seen for a follow up of your surgery on 12/27/16. You reported noticeable improvement since your surgery and intermittent burning lumbar pain. The pain radiating to your thigh had improved and you reported that you had numbness and pain in your feet. Dr. Okor noted that you were progressing as expected and activity escalation was discussion. You had remained on FMLA leave from your own occupation and it was noted that if you continue on your current trajectory, return to work was possible in 3-6 months. You were to return to the clinic for a follow up appointment in 6 months for radiology.

An Attending Physicians Statement completed by Dr. Mamerhi Okor on 3/14/17 stated your diagnosis as lumbosacral spondylosis, spondylolisthesis, and post lumbar fusion. You were having symptoms of chronic lumbar and bilateral leg pain and it was noted that your past treatment with non-operative management had failed to provide relief. An MRI on 9/23/16 revealed grade 3 spondylolisthesis and severe lumbar stenosis. You underwent lumbar four through sacral one laminectomies, bilateral lumbar five through sacral one gill procedures, lumbar three to pelvis dorsal internal fixation and fusion surgery on 12/27/17. Your treatment was pain medication, postoperative cares, and physical therapy. Your restrictions and limitations were no lifting greater than 15-20 pounds, no strenuous activity, no bending at the waist, no strenuous house work, no yard work, and you were to remain out of work. You were limited with all aspects of daily living due to severe postoperative pain. Your prognosis was anticipated to be slow and it was noted that you would likely achieve maximum medical improvement one year postoperative.

A work note signed by Katherine Jones, CRNP stated that you were unable to return to work due to postoperative pain and limitations in mobility and that you would likely be able to return at 6 months postoperative on 6/17/17.

A Peer Review completed of your Long Term Disability claim file on 5/1/17, by a physician who is Board Certified in Neurological Surgery. The Peer Reviewer noted that you were status post extensive lumbar decompression and fusion from L3-S1 on 12/27/16 and that you were considered temporarily totally disabled for postoperative recovery through 3/27/17. The Peer Reviewer concluded that you would have been able to return to work on 3/28/17 with reasonable restrictions including no lifting, pushing, pulling, or carrying over 15 pounds at any frequency. You would have been able to lift, push, pull, or carry up to 15 pounds occasionally and you would have been restricted from any repetitive bending, stooping, squatting, crouching, kneeling, or crawling on more than an occasional basis. You were limited to standing and/or walking for no more than 30 minutes at time for no more than 3 hours total in an 8 hour time period. You would be unable to climb ladders at any frequency and limited to 1-2 flights of stairs. The above restrictions would be appropriate from 3/28/17 through 6/27/17.

On 6/21/17, you were seen for a follow up with Dr. Mamerhi Okor for back and bilateral leg pain. It was noted that while you had seen some improvement since surgery, you continued to have back and leg pain that made prolonged sitting difficulty. Your pain was being managed by Dr. Roger Kemp and you were taking Nucynta. X-rays revealed intact internal fixation construct without evidence of hardware pullout or loosening. Dr. Okor stated that you had improved in comparison to your preoperative state and your functional status precluded you from assuming any more than a sedentary role. Physical exercise and condition was discussed and you reported that you were doing your best but that it was not east. It was recommended that adding a neuroleptic, NSAID, and a muscle relaxant to your medication regimen, might help to decrease your narcotic requirement. Narcotic dependence was discussed and you were to proceed with injection procedures as deemed appropriate by Dr. Kemp. You were to follow up in the clinic in 6 months.

An Attending Physicians Statement completed by Dr. Mamerhi Okor on 6/21/17 stated your diagnosis as spondylolisthesis, lumbosacral spondylosis, and post lumbar fusion. You were having symptoms of continued lumbar and bilateral leg pain despite surgical treatment. You were to continue with Nucynta for back pain control. It was anticipated that you would achieve maximum medical improvement at 1 year postoperative. Dr. Okor stated that you remained significantly debilitated from your pain and you were unable to manage even sedentary activities. You were unable to sit, stand, or walk for more than 30 minutes at a time and you were unable to lift or carry more than 15-20 pounds as it exacerbated your symptoms. You were given a class 4 physical impairment and Dr. Okor noted that fundamental changes were expected in the future 3-6 months, which applied to your own occupation. You needed no assistance with your activities of daily living and you were to follow up for reevaluation at 1 year postoperative. You were restricted from strenuous activities, no bending at the waist, and no lifting over 15-20 pounds.

Based on our review of the medical information received, we find that the records do not support restrictions and limitations that would preclude you from working in any occupation. While your impairment may prevent you from performing the essential duties of your own occupation as an Executive Assistant, the medical evidence we have been provided does not support a significant impairment resulting in restrictions and limitations from working in any capacity.

Due to these reasons, we find that you are not Totally Disabled based on your policy provision. Therefore, we cannot waive your group life insurance premiums under the Extension of Death Benefit provision of this policy.

A separate letter that does not include your confidential information has been mailed to ARONOV REALTY MANAGEMENT INC advising of our decision.

Please contact your Group Administrator regarding any life coverages not listed above. Continuation options may be available to you.

Additionally, you may have the right to convert your group life insurance to an individual life insurance policy. Please contact ARONOV REALTY MANAGEMENT INC within 15 days from the date of this letter regarding your eligibility for the conversion privilege.

**Appeal Rights**

00000059 LFPZ1FD1 00000164

You, your attorney or a person legally authorized as your representative may appeal the denial by requesting a review of your denied claim. To initiate this process, submit your written request for review to us at the following address within 180 days after you receive this denial notice.

Claims Shared Services
The Lincoln National Life Insurance Company
PO Box 2337
Omaha, NE 68103
Fax: 402-361-1460

Please include the following with your appeal:

1. The policy and claim number;
2. Your reason(s) for appealing; and
3. If applicable, any additional documentation to support the appeal, such as medical treatment records, laboratory results, x-rays or other testing results.

Following receipt of your appeal, we will review the claim and provide you with a full written explanation of the decision within 45 days. If you wish, you may also request copies of the pertinent documents related to the claim.

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law. Under your employer's plan, such an action must be brought within three years after the date written proof of claim is required.

Please contact our office with any questions you may have at the number listed below or email us at Claims@LFG.com. You can also register for our website at www.Lincoln4Benefits.com to view your benefits and claim status online 24 hours a day.

Sincerely,

Shawri Bateman
800-423-2765 *7787
Claims Examiner II, Claims Professional
The Lincoln National Life Insurance Company