FILED
2021 Apr-19 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# "B"

11/7/2018

Lincoln Financial Group

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

The Lincoln National Life Insurance Company
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
www.Lincoln4benefits.com

May 15, 2018

ATTORNEY PETER BURKE
3535 GRANDVIEW PARKWAY
SUITE 100
BIRMINGHAM, AL 35243

00000324 LFPP4KD1 00001109

Re: Policyholder: ARONOV REALTY MANAGEMENT INC
Policy Number: 00001012802700000
Claim Number: 1170026162
Claimant: Anna O'Mary

Dear Attorney Burke:

We have completed our review of the above Long Term Disability claim and have determined that no benefits are payable beyond 04/27/2018.

To be eligible for benefits under the policy issued to Mrs. O'Mary's employer, an individual must satisfy all of the provisions of the policy. This includes but is not limited to the following:

**TOTAL DISABILITY or TOTALLY DISABLED** will be defined as follows:
1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.
The loss of a professional license, an occupational license or certification, or a driver's license for any reason does not, by itself, constitute Total Disability.

## Information reviewed and action taken

After a thorough review of the information currently contained in the claim file, we have determined that Mrs. O'Mary no longer meets the definition of Total Disability, as defined above. Outlined below is the information reviewed which led to our determination.

In our review process, all information previously submitted as well as any new documentation is used to make a determination. The documentation contained in the claim file includes, but is not limited to the following:

©2018 Lincoln National Corporation www.lincoln4benefits.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

- Attending Physician's Statement completed by Dr. Mamerhi Okor 03/14/2017
- Office/Treatment notes from Dr. Okor dated 12/18/2017
- Office/Treatment notes from Central Alabama Pain Management Center, PC dated 12/20/2017
- Attending Physician's Statement completed by Dr. Okor 01/10/2018
- Attending Physician's Statement completed by Dr. Roger Kemp dated 02/07/2018.
- A Peer Review performed 02/16/2018 by Dr. Emad Behzad, Board Certified in Pain Medicine and Physical Medicine & Rehabilitation.
- A Vocational Assessment of 05/08/2018

According to the information contained in Mrs. O'Mary's claim file, she stopped working on 12/23/2016 due to a diagnosis of spondylosis without myelopathy or radiculopathy and had a lumbar laminectomy fusion on 12/27/2016.

On 03/14/2017, Dr. Mamerhi Okor completed an Attending Physician's Statement which states that Mrs. O'Mary had lumbosacral spondylosis, spondylolisthesis and post lumbar fusion. The restrictions and limitations listed were no lifting greater than 15–20 lbs., no strenuous activity, no bending at the waist, no strenuous housework, no yard work and no work.

Mrs. O'Mary saw Dr. Okor on 12/18/2017 and he stated that she reports only minimally improvement since surgical procedure. She has frequent lumbar pain as well as constant left greater than right anterior thigh pain associated with frequent numbness in lateral thigh and recent left groin pain. The neurological exam demonstrated normal sensation to light touch. The ambulation was independent. The lumbar imaging reported intact internal fixation construct without evidence of hardware pullout or loosening.

She was then seen at the Central Alabama Pain Management Center, PC on 12/20/2017. She reported axial lumbar and left groin pain. The bone stimulator was in place and there was minimal left greater than right L3-S1 facet tenderness, bilateral ischial tenderness, bilateral sacroiliac joint and left hip tenderness, decreased pinprick in the left L4-L5 dermatomes and antalgic gait. She received bilateral lumbar facet S1 joint blocks on 12/21/2017.

The Attending Physician's Statement completed by Dr. Okor on 01/10/2018 lists restrictions and limitations as no lifting greater than 15-20 lbs., no strenuous activity and sitting and standing as tolerated. The doctor states that she continues to experience severe pain with minimal activity and that she is unable to sit or stand for any significant period of time due to severe pain. She is unable to perform even sedentary type work activities.

The Attending Physician's Statement completed by Dr. Kemp on 02/07/2018 states a permanent disability. Her physical impairments are noted as class 4; incapable of sedentary activity and that she continues to be disabled from chronic pain.

In an effort to obtain a better understanding of Mrs. O'Mary's medical condition and her current functional capacity level, on 02/16/2018 her claim was sent for an external Peer Review by Dr. Emad Behzad who is Board Certified in Pain Medicine and Physical Medicine & Rehabilitation. The physician reviewed the medical documentation contained in Mrs. O'Mary's claim file in totality and concluded that he was not in agreement with Dr. Okor, that Mrs. O'Mary was currently unable to perform in any duty. It is acknowledged that the claimant has chronic pain and functional deficits. However, her examination finds did not show any

00000324 LFPP4KD1 00001110

restrictions in motion nor weakness. It is believed that she is able to perform full-time duty (8 hours/day, 5 days/week within the indicated restrictions/limitations of sitting up to 30 minutes at a time and up to a total of six hours in an eight hour day, standing and walking combined up to one hour at a time and up to a total of two hours in an eight hour day, carrying, lifting, pushing and pulling no greater than 10 lbs. of weight occasionally, and 5 lbs. frequently, reaching overhead, above the shoulders, and at waist/desk level, occasional reaching below the waist level, occasional twisting, crawling, crouching, bending/stooping, kneeling, squatting, stair climbing, and use of foot control and restricted from working at unprotected heights, driving commercial vehicle, climbing ladders, and operating heavy equipment or safety sensitive machinery. There are no restrictions for handling, fingering, grasping, pinching, gripping and use of hand controls.

As of 2/16/2018 it was determined that Mrs. O'Mary did not have restrictions or limitations that would prevent her from being able to perform the duties of an Administrative Secretary. However, the claim had been paid to 04/27/2018 while we continued our investigation. Based on the noted findings no further benefits are payable and her claim has been closed.

It is important to note that the policy under which she is covered refers to and is governed by the main duties of her regular "occupation" and not by the duties of her specific job. Nearly every job in the economy is performed slightly different from one employer to another. However, the Department of Labor groups jobs into occupations based on their similarities. The term "occupation" refers to a collective description of a number of individual jobs that are performed, with variations, in many establishments. Consequently, there will be similarities between the main duties of her occupation and those of her job. There may also be some differences.

00000324 LFPP4KD1 00001111

In addition to the medical documentation submitted to our office, we obtained her job analysis, her employer's description of her job duties, and the description of her occupation from the Department of Labor's Dictionary of Occupation Titles 169167014 In order to be eligible for Long Term Disability benefits, she must have been unable to perform each of the main duties of her occupation, as they would be performed in a typical setting for an employer, beyond 01/27/2018.

The contract issued to ARONOV REALTY MANAGEMENT INC states, in part:

MAIN DUTIES or MATERIAL AND SUBSTANTIAL DUTIES means those job tasks that:
1. are normally required to perform the Insured Employee's Own Occupation; and
2. could not reasonably be modified or omitted.

To determine whether a job task could reasonably be modified or omitted, the Company will apply the Americans with Disabilities Act's standards concerning reasonable accommodation. It will apply the Act's standards, whether or not:
1. the Employer is subject to the Act; or
2. the Insured Employee has requested such a job accommodation.

An Employer's failure to modify or omit other job tasks does not render the Insured Employee unable to perform the Main Duties of the job.

Main Duties include those job tasks:
1. as described in the U.S. Department of Labor Dictionary of Occupational Titles; and
2. as performed in the general labor market and national economy.

Main Duties are not limited to those specific job tasks as performed for a certain firm or at a certain work site.

Based on information obtained from Ms. O'Mary's employer and occupational information contained within the *Dictionary of Occupational Titles* (DOT), we have determined that her occupation is best defined as an ADMINISTRATIVE SECRETARY (any industry) alternate in the national workforce. The material and substantial duties of an ADMINISTRATIVE SECRETARY (any industry) alternate include but are not limited to the following:

- Directing
- Planning activities of others
- Making judgments and decisions

We reviewed the medical documentation provided in conjunction with the job analysis, her employer's description of her job duties, and the Department of Labor's Dictionary of Occupational Titles (DOT) along with a vocational assessment and determined that the medical evidence does not support Total Disability as defined by the policy.

00000324 LFPP4KD1 00001112

**Summary**

In summary, the medical documentation contained in Mrs. O'Mary's claim file does not support Total Disability as defined by the policy. Her occupation is a physical demand level of sedentary.

Mrs. O'Mary went out of work on 12/23/2016 due to spondylosis without myelopathy or radiculopathy and had a lumbar laminectomy fusion on 12/27/2016. She was then seen by Dr. Okor and had restrictions and limitations of no lifting greater than 15-20 lbs., no strenuous activity, no bending at the waist, no strenuous housework, no yard work and no work. During the 12/18/2017 office visit with Dr. Okor she reports only minimal improvement since the surgical procedure. She then was seen at the Central Alabama Pain Management Center, PC on 12/21/2017 and received joint block injections. Another Attending Physician's Statement was completed by Dr. Okor on 1/10/2018 listing her restrictions as no lifting greater than 15-20 lbs., no strenuous activity, and sitting/standing as tolerated.

Dr. Kemp completed an Attending Physician's Statement on 02/07/2018 indicating a permanent disability. Mrs. O'Mary's claim was then reviewed by Dr. Emad Behzad who is Board Certified in Pain Medicine and Physical Medicine & Rehabilitation. Dr. Behzad was not in agreement and believed that Mrs. O'Mary was able to perform full-time duty within the indicated restrictions and limitations. The clinical evidence revealed functional limitations were due to pain with no neurological deficits on examination or imaging. There were noted discrepancies on the physical exam findings regarding ambulation and sensation. There was no indication of spinal instability, worsening lower extremity pain. Mrs. O'Mary has functional use of the upper and lower extremities without need for assistive devices for ambulation and should be capable of performing her own sedentary occupation capacity level.

Dr. Emad Behzad made attempts to reach out to Dr. Okor to discuss Mrs. O'Mary's case but was unsuccessful, as Dr. Okor never responded. Dr. Behzad did speak to Dr. Kemp on 02/15/2018 and it was concluded that Dr. Kemp agreed with Dr. Behzad's opinion and listed restrictions/recommendations, but, he (Dr. Kemp) suggested to alternate Mrs. O'Mary's sitting with standing/walking every 1 hour and they both agreed with this.

The vocational review found the restrictions and limitations are consistent or comparable with the physical demand of Mrs. O'Mary's own occupation and fall within the physical demand level of sedentary.

Based on this, the medical evidence does not support functional limitations or restrictions that would preclude her from performing her sedentary occupation as an Administrative Secretary as of 02/16/2018. However, her claim has already been paid to 04/27/2018 while we continued our investigation to assess her claim. Unfortunately, based upon the above noted findings no further benefits are payable and the claim has been closed.

We evaluated this claim by applying the provisions of the policy to the facts and opinions contained in the claim file. Other than what is set out in the policy, we did not rely upon any guidelines, internal rules, protocols, standards or other similar criteria in reaching this claim determination.

If you disagree with our decision, you may appeal this determination by following the steps outlined below.

00000324 LFPP4KD1 00001113

**Appeal Rights**

Mrs. O'Mary, her attorney representation, or a person legally authorized as her representative may appeal the denial by requesting a review of Mrs. O'Mary's denied claim. To initiate this process, submit the written request for review to us at the following address within 180 days after you receive this denial notice.

Claims Shared Services
The Lincoln National Life Insurance Company
PO Box 2337
Omaha, NE 68103
Fax: 402-361-1460

Please include the following with the appeal:

1. The policy and claim number;
2. Your reason(s) for appealing; and
3. If applicable, any additional documentation to support the appeal, such as medical treatment records, laboratory results, x-rays or other testing results.

Following receipt of the appeal, we will review the claim and provide you with a full written explanation of the decision within 45 days. You may also request copies of records and other information relevant to your claim free of charge.

If the plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact the local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of the claim have been completed, you have the right to bring a civil action under applicable law.

Mrs. O'Mary's employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is 04/27/2021.

Please contact our office with any questions you may have at the number listed below or email us at Claims@LFG.com. You can also register for our website at www.Lincoln4Benefits.com to view your benefits and claim status online 24 hours a day.

Sincerely,

Sherry Smith
800-423-2765 ext. 3011
Senior Claims Examiner, Claims
The Lincoln National Life Insurance Company

00000324 LFPP4KD1 00001114

00000324 LFPP4KD1 00001115 E

Chinese (Simplified)

注意：如果您说普通话，可以选择免费语言支持服务。 请拨打 1-800-423-2765.

Chinese (Traditional)

注意：若您講國語，可使用我們的免費語言支援服務。 請致電 1-800-423-2765.

Tagalog

Pansinin: Kung nagsasalita ka ng Tagalog, mayroon kang magagamit na mga libreng serbisyo ng tulong sa wika. Tumawag sa 1-800-423-2765.

Spanish

Atención: si habla español, tenemos disponibles servicios de apoyo con el idioma sin costo para usted. Llame al 1-800-423-2765.

Navajo

DÍÍ BAA AKÓ NÍNÍZIN: Díí bee yáníłti'go Diné bizaad, saad bee áká'ánida'áwo'dę́ę́' t'áá jiik'eh, ná hóló. Kojį' hódíílnih áǫįóóǫéąą́ǫąíę́ę.