FILED
2021 Apr-19 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# "C"

BURKE HARVEY LLC
www.BurkeHarvey.com
Attorneys Licensed in: AL, FL, GA, MS, NY, TN, TX

**Amanda S. Johns**
**Writer's Direct No.: 205.747.1908**
**Writer's E-mail: ajohns@burkeharvey.com**

**Please respond to the Birmingham office**

February 1, 2018

**SENT VIA FACSIMILE AND US MAIL**

Claims Shared Services
Lincoln Life & Annuity Company of New York
P.O. Box 2337
Omaha, NE 68103
Fax: 402-361-1460

**RE: ANNA O'MARY – WAVIER OF PREMIUM APPEAL**
**POLICY NUMBER: 00001013859400000**
**00040013871400000**
**CLAIM NUMBER: 1170064726**
**1170064727**

Dear Sir or Madam:

Please consider this notice of our appeal of the denial of long term disability benefits to Anna O'Mary.

By letter dated August 8, 2017, Lincoln informed Mrs. O'Mary of its erroneous decision to terminate her waiver of premium benefits. The decision to deny benefits to Mrs. O'Mary and basis given is in stark contrast to the bulk of the medical evidence already contained in her claim file, the opinions of her treating physicians. Enclosed for review on this appeal are updated treatment records.

Moreover, Mrs. O'Mary has applied for Social Security Disability Benefits and we reserve the right to supplement her file with a favorable determination once received.

The insurance contract at issue is subject to the ERISA statute. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit plans." Instead of acting as a statutory fiduciary, based on the handling of Mrs. O'Mary's claim thus far, it appears that Lincoln is engaging in utterly reprehensible claim handling procedures. As described in more detail below, Lincoln's denial of benefits to Mrs.

O'Mary was erroneous and wholly unsupported. Mrs. O'Mary is patently entitled to all benefits owed under the policy.

**Lincoln's Determination that Mrs. O'Mary does not Meet the Definition of Disability is Erroneous and Unreasonable.**

Lincoln's August 8, 2017 letter is riddled with unreasonable attempts to justify the wrongful denial of Mrs. O'Mary's waiver of premium benefits. Lincoln's assertion that Mrs. O'Mary, a woman suffering from lumbosacral spondylosis, spondylolisthesis status post-lumbar decompression and fusion with chronic lumbar and bilateral leg pain, severe lumbar stenosis, limited mobility, and suffering side effects from medication can perform any work is preposterous.

In its review, Lincoln did nothing more than partially evaluate her physical ability. It is certain that the material duties of Mrs. O'Mary's occupation or any occupation require far more than the ability to lift 15 pounds, the only requirement Lincoln's medical reviewer assessed. Though all evidence indicates that Mrs. O'Mary would not physically be able to perform at even a sedentary exertional level, it is clear that the material duties of any job also require the ability to stay on task in addition to physical demands. Due to significant pain, Mrs. O'Mary would be distracted and unable to perform any work. Though Dr. Okor stated that prolonged sitting was difficult for Mrs. O'Mary due to pain, Lincoln did not offer any comment from its paid reviewer regarding Mrs. O'Mary's sitting limitations.

Lincoln based its flawed decision to deny benefits solely on the paper review by its hired physician consultant. The peer review was completed on May 1, 2017 and the paid consultant stated his restrictions would be appropriate from March 18, 2017 to June 27, 2017. Lincoln cites to notes from Mrs. O'Mary's visit with Dr. Okor on June 21, 2017 indicating that she continues to have back and leg pain that makes prolonged sitting difficult. Dr. Okor completed a second APS and indicated that Mrs. O'Mary was unable to work at even a sedentary level. Lincoln did not have Mrs. O'Mary's file reviewed again prior to terminating her claim. Its peer review was completed over three months prior to the termination and did not evaluate Mrs. O'Mary's condition after the period of time on which the consultant commented. The only evidence regarding Mrs. O'Mary's work capacity after June 27, 2017 was evidence from her treating physicians who indicated she was still disabled from all work.

Lincoln's hired physician did not examine Mrs. O'Mary and was simply paid by Lincoln to come to the unsupported and manufactured conclusion that Mrs. O'Mary's restrictions ended on June 27, 2017. The baseless findings of Lincoln's non-examining hired consultant stand alone as the only findings in Mrs. O'Mary's file suggesting that she is not disabled and is overwhelmed by the numerous treatment records and the opinions of her treating physicians suggesting the opposite. Treating physicians have a greater opportunity than consultants to know and observe the patient as an individual. Lincoln's arbitrary refusal to credit the opinions of Mrs. O'Mary's treating physicians was improper.

Mrs. O'Mary has provided both objective and subjective evidence of her many disabling conditions. These conditions and limitations caused by them were thoroughly documented by Mrs. O'Mary in her prior submissions to Lincoln. Lincoln has simply rejected the records and opinions of Mrs. O'Mary's treating physicians, objective tests and exam reports that substantiated Mrs. O'Mary's claim for disability. Accordingly, Lincoln's decision to deny waiver of premium benefits based on a peer review that did not evaluate her condition beyond June 27, 2017 was substantively unreasonable.

Lincoln also failed to adequately consider or even address Mrs. O'Mary's non-exertional limitations. Mrs. O'Mary's concentration, persistence and pace is so severely limited by constant pain, fatigue, and by the documented and expected side effects from her prescribed medications that she is unable to perform any work at any exertional level on a full-time basis. Further, both exertion and the inability to change positions as needed exacerbate Mrs. O'Mary's condition. Undoubtedly, a return to work in any capacity would increase Mrs. O'Mary's pain, requiring additional rest, medication and treatment which would lead to the inability to maintain an acceptable absentee rate.

In conclusion, Mrs. O'Mary's health has continued to deteriorate since becoming disabled. Lincoln's handling of Mrs. O'Mary's claim has been improper at best. Lincoln failed to consider the impact of the combination of her physical restrictions and limitations and non-exertional impairments. In addition to the primary symptoms and limitations of her conditions, pain, fatigue, side effects from medication and frequency of required treatment for her conditions also interfere with her ability to maintain employment in any capacity and Mrs. O'Mary's benefits should be retroactively reinstated.

Very truly yours,

Amanda S. Johns

ASJ/mlr
Enclosures
cc: Anna O'Mary