FILED
2021 Apr-19 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# "D"

Lincoln Financial Group®

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

**The Lincoln National Life Insurance Company**
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
www.Lincoln4benefits.com

April 4, 2018

BURKE HARVEY
ATTN AMANDA S JOHNS
3535 GRANDVIEW PKWY
SUITE 100
BIRMINGHAM, AL 35243

00000001 LFPR0RD1 00000002

Re: Policyholder: ARONOV REALTY MANAGEMENT INC
Policy Number: 000010138594000000
00040013871400000
Claim Number: 1170064726
1170064727
Claimant: Anna O'Mary

Dear Attorney Johns:

We have completed our review of your client's appeal for Extension of Death Benefit under the above referenced policies. Based on the information provided, we have determined that we are unable to approve benefits. In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination.

To be eligible for continued life insurance coverage without payment of premium under the policies issued to ARONOV REALTY MANAGEMENT INC, an individual must satisfy all of the provisions of the policy. The specific terms, conditions and limitations of the Extension of Death Benefit section of the plan include, but are not limited to, the following:

For Basic Life:

BENEFIT. Life insurance will be continued, **without payment of premiums**, for an Insured Person who:

(1) becomes Totally Disabled while insured under this policy and before reaching age 60;
(2) remains Totally Disabled for at least 6 months in a row; and
(3) submits satisfactory proof within the 7th through the 12th months of disability; or:
    (a) as soon as reasonably possible after that; but
    (b) not later than the 24th month of disability, unless he or she was legally incapacitated.

©2018 Lincoln National Corporation www.lincoln4benefits.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

DEFINITION. For this benefit, Total Disability or Totally Disabled means an Insured Person:

(1) is unable, due to sickness or injury, to engage in any employment or occupation for which such Insured Person is or becomes qualified by reason of education, training, or experience; and
(2) is not engaging in any gainful employment or occupation.

For Voluntary Life:

BENEFIT. Life insurance will be continued, **without payment of premiums**, for an Insured Person who:

(1) becomes Totally Disabled while insured under this policy and before reaching age 60;
(2) remains Totally Disabled for at least 6 months in a row; and
(3) submits satisfactory proof within the 7th through the 12th months of disability; or:
    (a) as soon as reasonably possible after that; but

(b) not later than the 24th month of disability, unless he or she was legally incapacitated

00000001 LFPR0RD1 00000003

DEFINITION. For this benefit, Total Disability or Totally Disabled means an Insured Person:

(1) is unable, due to sickness or injury, to engage in any employment or occupation for which such Insured Person is or becomes qualified by reason of education, training, or experience; and
(2) is not engaging in any gainful employment or occupation.

**Summary of Initial Claim Filing**

Mrs. O'Mary's initial claim forms state that your client stopped working on 12/23/2016 due to Spondylosis without myelopathy or radicu.

Extension of Death Benefits were not approved after a review of medical records failed to support Total Disability as defined above. Our evaluation included review of the medical documentation, including consultation with and/or review of a written report from an independent physician who is Board Certified in Neurological Surgery. For complete details please refer to our letter dated 08/08/2017. The letter noted in part the following.

> The records do not support restrictions and limitations that would preclude you from working in any occupation. While your impairment may prevent you from performing the essential duties of your own occupations as an Executive Assistant, the medical evidence we have been provided does not support a significant impairment resulting in restrictions and limitations form working in any capacity.

**Summary of Appeal**

On 02/01/2018 your client filed an appeal in response to our determination to deny benefits. Additional information was submitted with your client's appeal, including but not limited to treatment records from Dr. Roger Kemp, office note from Dr. Mamerhi Okor as well as an Attending Physician's Report completed by Dr. Okor.

The records indicate that an MRI of the lumbar spine dated 09/23/2016 revealed bilateral L5 spondylolysis which was noted to be slightly increased from previous along with a similar foraminal compromise.

Ms. O'Mary then had a lumbar spine x-ray on 11/09/2016 which showed bilateral L5 pars defects, with grade II anterior spondylolisthesis of L5 on S1 and severe degenerative disc changes at this level. A lumbar myelogram revealed grade II anterior spondylolisthesis of L5 on S1 which appeared to be on the basis of bilateral L5 pars defect; severe disc space narrowing with severe endplate sclerosis. She had well maintained vertebral body heights, remaining disc interspaces and alignment of the remaining levels. There was no significant extradural defects but an incidental note of a small vestigial left rib at L1; calcified pelvic phleboliths bilaterally and unremarkable surrounding soft tissues.

She reported to Dr. Okor on 11/18/2016 that she had a 20 year history of lumbar pain. She had complaints of constant midline lumbar pain with intermittent radiation into the buttock, posterior thigh, and knee. She also complained of pain in the ankle, dorsum of the foot and into the great toe. It was reported she had subjective mild lower extremity weakness. A prior facet ablation provided relief and improvement of her weakness. The physical exam during this appointment was noted as unremarkable. She was diagnosed with lumbar radiculopathy, lumbosacral spondylosis, and lumbar spondylolisthesis. A recommendation was made for lumbar surgery.

On 12/27/2016, Dr. Okor performs L4-S1 laminectomies, bilateral L5-S1 Gill procedures for decompression of the L5 and S1 nerve roots, and L3-pelvice dorsal internal fixationand fusion.

During her post op follow up on 01/27/2017 she reported intermittent burning lumbar pain, but with improvement of her radiating pain to the posterior thigh. The numbness and pain in the feet persisted. A bone growth stimulator was recommended.

On 03/14/2017, Dr. Okor gave Mrs. O'Mary restrictions of sitting up to one hour per eight-hour day; standing for less than one hour per eight-hour day; walking for less than one hour per eight-hour day; no lifting/carrying more than 15 -20 pounds; no using of hands for repetitive actions; no using of feet for repetitive movements; no bending at the waist; limited squatting and crawling; no climbing; no reaching above shoulder level; no strenuous activity; no strenuous house work; no yard work and no work.

CRNP Jones placed Mrs. O'Mary off work on 03/23/2017 due to postoperative pain and limitations in mobility. She was anticipated to return at six months post op.

A file review was completed on 05/001/2017 by Dr. Kimberly Terry (Neurological Surgery). Dr. Terry opined that Mrs. O'Mary would have been considered temporarily totally disabled for a post-operative recovery through 03/27/2017. Dr. Terry provided restrictions and limitations that were similar to those provided by Dr. Okor on 03/14/2017.

Mrs. O'Mary was seen by Dr. Okor on 06/21/2017 with back and leg pain rated at 7/10. She reported that somethings had improved since surgery but that she still had back and leg pain which made prolonged sitting difficulty. Her physical examination was unremarkable and x-rays of the lumbar spine demonstrated intact internal fixation without evidence of hardware pullout or loosening.

00000001 LFPR0RD1 00000004

An Attending Physician's Statement completed by Dr. Okor, but undated indicated that he felt Mrs. O'Mary had a Class IV physical impairment with severe limitations of functional capacity and a Class I mental impairment with the ability to function under stress and engage in most interpersonal limitations.

Mrs. O'Mary has continued to treat with Dr. Okor and Dr. Kemp who specializes in pain management.

Dr. Okor provided an opinion dated 01/10/2018 that Mrs. O'Mary has Class IV physical impairments with severe limitations of functional capacity, incapable of minimum activity; and Class II mental impairment with the ability to perform in most stress situations and engage in most interpersonal relationships with slight limitations. Dr. Okor further stated in his opinion Mrs. O'Mary was totally disabled and unable to perform even light duties due to severe pain. She was given restrictions of no lifting greater than 15-20 pounds; no strenuous activity; and sitting and standing as tolerated.

**Appeal Decision**

00000001 LFPR0RD1 00000005

We understand that your client has been diagnosed with spondylosis without myelopathy or radiculopathy and spondylosis of the lumbar region. However, our review of the medical documentation, which included consultation with and/or review of a written report from Dr. Behzad Emad, an independent physician who is Board Certified in Pain Medicine as well as Physical Medicine & Rehabilitation does not support that Mrs. O'Mary was Totally Disabled as defined above beyond the waiting period.

Dr. Emad's review noted in part:

> From 12/23/2016 through 06/27/2016, due to scheduled and subsequent lumbar spine surgery, and recommended recovery period, it would have been medically reasonable that the claimant was functionally impaired and unable to perform in any duty at this time.
>
> Form 06/28/2017 forward, due to the claimant's ongoing symptoms and clinical findings, the following restrictions/limitations are supported:
>
> - The claimant is restricted to sitting up to 30 minutes at a time and up to a total of six hours in an eight hour day.
> - The claimant is restricted to standing and walking combined up to one hour at a time and up to a total of two hours in an eight hour day.
> - The claimant is restricted to carrying, lifting, pushing and pulling no greater than 10 pounds of weight occasionally, and 5 pounds frequently.
> - There are no restrictions in reaching overhead, above the shoulders, and at waist/desk level.
> - The claimant is restricted to occasional reaching blow the waist level.
> - There are no restrictions for handling, finger, grasping, pinching, gripping and use of hand controls.
> - The claimant is restricted to occasional twisting, crawling, crouching, bending/stooping, kneeling, squatting, stair climbing, and use of foot control.

- The claimant is restricted from working at unprotected heights, driving commercial vehicle, climbing ladders, and operating heavy equipment or safety sensitive machinery.

Mrs. O'Mary's treating physician, Dr. Okor provided restrictions and/or limitations as of her office visit on 03/14/2017 that would not preclude her ability to engage in any employment or occupation as defined by the policies. He indicated that in an eight-hour day she would have the ability to sit up to one hour; stand for less than one hour per eight-hour day; walk for less than one hour per eight-hour day; no lifting/carrying more than 15 -20 pounds; no using of hands for repetitive actions; no using of feet for repetitive movements; no bending at the waist; limited squatting and crawling; no climbing; no reaching above shoulder level; no strenuous activity; no strenuous house work; no yard work and no work. Therefore, we find that the records do not support restrictions and limitations that would preclude Mrs. O'Mary from working in any occupation. We do understand that her impairments preclude her ability to perform her own occupation on a full-time basis they do not, however; preclude her ability to engage in any employment or occupation.

00000001 LFPR0RD1 00000006

We evaluated this claim by applying the provisions of the policy to the facts and opinions contained in the claim file. Other than what is set out in the policy, we did not rely upon any guidelines, internal rules, protocols, standards or other similar criteria in reaching this claim determination.

**Appeal Rights**

As a reminder, your client has exhausted their first level of appeal. If your client disagrees with this decision, you, your client, or a person legally authorized as your client's representative, may pursue a final administrative appeal.

To initiate this process please have your client or an authorized representative submit a written request for review to the following address within 180 days after you receive this denial notice.

Claims Shared Services
The Lincoln National Life Insurance Company
PO Box 2337
Omaha, NE 68103
Fax: 402-361-1460

The following should be included with the appeal letter:

1. The policy number and claim number;
2. The reason(s) for appealing; and
3. If applicable, any additional documentation to support the appeal, such as medical treatment records, laboratory results, x-rays or other testing results.

Following receipt of your client's appeal, we will review the claim and provide you or your client with a full written explanation of the decision within 45 days. You or your client may also request copies of records and other information relevant to the claim free of charge.

If your client's plan is subject to ERISA, he or she may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your client's local U.S. Department of Labor Office or your client's state insurance regulatory agency. In addition, once all required reviews of your client's claim have been completed, your client has the right to bring a civil action under applicable law.

The employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is 12/23/2019.

Please contact me directly at the number listed below with any questions you may have or email us at LFGAppeals@lfg.com.

Sincerely,

Lisa Kurtz, HIA
800-423-2765 *7616
Senior Claims Examiner, Claims Professional
Appeals Department – Claims Solutions Shared Services
The Lincoln National Life Insurance Company

00000001 LFPR0RD1 00000007

Chinese (Simplified)

注意：如果您说普通话，可以选择免费语言支持服务。 请拨打 1-800-423-2765.

Chinese (Traditional)

注意：若您講國語，可使用我們的免費語言支援服務。 請致電 1-800-423-2765.

Tagalog

Pansinin: Kung nagsasalita ka ng Tagalog, mayroon kang magagamit na mga libreng serbisyo ng tulong sa wika. Tumawag sa 1-800-423-2765.

Spanish

Atención: si habla español, tenemos disponibles servicios de apoyo con el idioma sin costo para usted. Llame al 1-800-423-2765.

Navajo

DÍÍ BAA AKÓ NÍNÍZIN: Díí bee yáníłti'go Diné bizaad, saad bee áká'ánida'áwo'dę́ę́' t'áá jiik'eh, ná hóló. Kojį' hódíílnih áǫįóóǫéą́ą́ǫąíę́ę.

00000001 LFPR0RD1 00000008 E