FILED
2021 Apr-19 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# "E"

# STANSBERRY LAW, LLC

Amanda L. Stansberry
420 North 20th Street, Suite 2200
Birmingham, AL 35203
Phone: (205) 379 -1059 Fax: (833) 583-4357
amanda@stansberrylaw.com


October 1, 2018

**SENT VIA FAX & U.S. MAIL**

Claims Shared Services
The Lincoln National Life Insurance Company
PO Box 2337
Omaha, NE 68103
Fax: 402-361-1460

| | |
|---|---|
| **RE:** | **ANNA O'MARY LTD APPEAL AND 2ND WOP APPEAL** |
| **POLICYHOLDER:** | **ARONOV REALTY MANAGEMENT INC.** |
| **POLICY NOS.** | **00001012802700000 & 00001013859400000, 00040013871400000** |
| **CLAIM NOS:** | **1170026162 & 1170064726, 117006427** |

Dear Sir or Madam:

I recently resigned from my former firm, Burke Harvey, LLC. Mrs. O'Mary will continue to be represented by me and my firm, Stansberry Law, LLC in her claim for disability benefits. Please show me and Stansberry Law, LLC as Mrs. O'Mary's representative and include me on any future correspondence concerning her claim.

Please consider this notice of our appeal of the termination of long-term disability benefits to Anna O'Mary as well as our second appeal of the termination of waiver of premium benefits for the above referenced policies. Lincoln's termination decisions remain unsupported and contrary to all credible evidence.

In support of Mrs. O'Mary's appeal, updated treatment records will be provided for review. Mrs. O'Mary's Social Security claim is pending and a hearing has not yet been scheduled but a copy of the SSA file will be submitted for review. We reserve the right to supplement her appeal with additional evidence as it becomes available.

In its LTD and appeal denial, Lincoln ignored multiple imaging and exam reports and treatment notes supporting Mrs. O'Mary's claim. Instead Lincoln absurdly claimed that her severe and long-standing conditions simply did not preclude her from working full-time. Lincoln failed to consider that a return to work would worsen Mrs. O'Mary's pain and would not be sustainable. It is clear Lincoln did not properly review Mrs. O'Mary's claim and wrongly concluded that she does not suffer disabling restrictions or limitations from her conditions.

Lincoln again based its denial of further benefits on the opinion of a single non-examining physician. Interestingly, Dr. Behzad Emad acknowledged that Mrs. O'Mary suffers chronic pain and functional deficits. In his report, he states: "It is acknowledged that the claimant has chronic pain and functional deficits. However, her examination findings did not exhibit any restrictions in motion nor weakness." None of the policies require "restrictions in motions or weakness" to establish disability. Whether Mrs. O'Mary's inability to perform the duties of her or any occupation is due to pain, restrictions or motion or weakness does not matter. The issue is whether Mrs. O'Mary is unable to perform work, period. Not only does Dr. Emad not deny that Mrs. O'Mary suffers chronic pain and functional deficits, in his report, he cites to multiple excerpts from Mrs. O'Mary's medical records which establishes that Mrs. O'Mary suffers from physical impairments that could reasonably be expected to produce her symptoms. Dr. Emad also opined that Mrs. O'Mary's is restricted to sitting up to 30 minutes at a time and up to a total of six hours in an 8-hour day.

The job description contained in Mrs. O'Mary's claim file describes the strength requirements of the occupation of administrative secretary as "Mostly sitting, may involve standing or walking for brief periods of time." The need, as described by Dr. Emad, to alternate sitting and standing throughout the day and certainly as frequent as every 30 minutes precludes the performance of sedentary work. When his findings are properly considered even Lincoln's own reviewer has indicated that Mrs. O'Mary suffers restrictions and limitations that preclude all work.

Dr. Okor, Mrs. O'Mary's treating physician has consistently opined that she is disabled from all work. On March 14, 2017, he opined that Mrs. O'Mary could only sit up to one hour in an eight-hour day. She would be unable to perform any work with that sitting restriction. Lincoln also based its denial on its erroneous claim that Dr. Okor's March 14, 2017 findings did not preclude all work, stating, in part:

> Mrs. O'Mary's treating physician, Dr. Okor provided restrictions and/or limitations as of her office visit on 03/14/2017 that would not preclude her ability to engage in any employment or occupation as defined by the policies. He indicated that in an eight-hour day she would have the ability to sit up to one hour; stand for less than one hour per eight-hour day; walk for less than one hour per eight-hour day; no lifting/carrying more than 15 -20 pounds; no using of hands for repetitive actions; no using of feet for repetitive movements; no bending at the waist; limited squatting and crawling; no climbing; no reaching above shoulder level; no strenuous activity; no strenuous house work; no yard work and no work. Therefore, we find that the records do not support restrictions and limitations that would preclude Mrs. O'Mary from working in any occupation. We do understand that her impairments preclude her ability to perform her own occupation on a full-time basis they do not, however; preclude her ability to engage in any employment or occupation.

(*See* Corr. from Lincoln dated April 4, 2018)

Mrs. O’Mary’s treating physicians who have observed and examined her have repeatedly submitted statements and evidence to Lincoln stating that Mrs. O’Mary is disabled from all work due to her conditions. Her doctors have identified objective evidence upon which their opinions are based and have provided copies of all medical records. Mrs. O’Mary’s doctors have performed surgery, blocks and prescribed narcotic pain medication in an effort to alleviate her pain. Mrs. O’Mary has received continuous medical treatment for her conditions. It is absurd that Lincoln would call in to question the credibility of Mrs. O’Mary and multiple treating physicians regarding her restrictions and limitations. What more can Mrs. O’Mary and her doctors provide to Lincoln to satisfy its requirements?

Mrs. O’Mary also suffers non-exertional limitations due to her physical conditions. She is unable to maintain concentration and is distracted by pain. Pain due to her physical conditions cause debilitating emotional effects. Her pain often impacts her mood making it difficult to interact with people in a consistently positive manner. These issues coupled with medication side effects, such as sedation, make it impossible for Mrs. O’Mary to perform any work. Mrs. O’Mary has satisfied all definitions of disability in the above referenced policies and her benefits should be reinstated.

As noted above, additional evidence supportive of Mrs. O’Mary’s claim will be submitted by mail. Please allow a 30-day extension to Wednesday, October 31, 2018 for any outstanding evidence to be submitted before you begin your appeal review.

Very truly yours,

Amanda L. Stansberry