FILED
2021 Jun-07 PM 04:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANNA O'MARY,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, ARONOV REALTY MANAGEMENT, INC., GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ARONOV REALTY MANAGMENT, INC., GROUP LIFE & DEPENDENT LIFE INSURACE FOR EMPLOYEES OF ARONOV REALTY MANAGEMENT, INC.,<br><br>Defendants. | ) | Case No. 2:21-CV-00540-AMM |

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") answers Plaintiff's Complaint through its undersigned counsel and alleges as follows:

**FOR A FIRST DEFENSE**

**PARTIES**

1. Regarding the allegations contained in Paragraph 1 of the Complaint, Lincoln admits that it issued Group Disability Income Policy No. 000010128027

(the "LTD Policy"), to Aronov Realty Management, Inc. ("Aronov"), which Policy, at certain times, insured benefits from the Aronov Realty Management, Inc. Long Term Disability Plan (the "LTD Plan") sponsored by Aronov. Lincoln admits that it issued Group Life Insurance Policy Nos. 000400138714 & 000010138594 (the "Life Policies"), to Aronov, which Life Policies, at certain times, insured benefits from the Aronov Realty Management, Inc. Group Life & Dependent Life Plan For Employees of Aronov Realty Management, Inc. (the "Life Plan"). Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the LTD Policy and extension of death benefits from the Life Plan under the Life Policies, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that the LTD Plan and Plaintiff's claim for benefits from the LTD Plan under the LTD Policy are governed by ERISA. Lincoln admits that the Life Plan and Plaintiff's claim for extension of death benefits from the Life Plan under the Life Policies are governed by ERISA. Lincoln admits that, at certain times, Plaintiff was employed by Aronov and a participant in the LTD Plan and the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations contained in Paragraph 2 of the Complaint, Lincoln admits that it was the claim administrator for Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and the Life Plan under the Life Policies

that are the subject of the above-styled action. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan or the Life Plan. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Alabama. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Regarding the allegations contained in Paragraph 3 of the Complaint, to the extent that these allegations pertain to Defendant Aronov Realty Management, Inc., Lincoln is not required to respond. To the extent a response is required, Lincoln admits that Aronov sponsored the LTD Plan and the Life Plan to provide benefits to certain of its employees and that Aronov was the Plan Administrator of the LTD Plan and the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Regarding the allegations contained in Paragraph 4 of the Complaint, Lincoln admits that it issued the LTD Policy to Aronov, which Policy, at certain times, insured benefits from the LTD Plan. Lincoln admits that the LTD Plan and Plaintiff's claim for benefits from the LTD Plan are governed by ERISA. Lincoln admits that it was the claim administrator for Plaintiff's claim for benefits from the LTD Plan that is the subject of the above-styled action. Lincoln specifically denies

that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Regarding the allegations contained in Paragraph 5 of the Complaint, Lincoln admits that it issued the Life Policies to Aronov, which Life Policies, at certain times, insured benefits from the Life Plan. Lincoln admits that the Life Plan and Plaintiff's claim for benefits from the Life Plan under the Life Policies are governed by ERISA. Lincoln admits that it was the claim administrator for Plaintiff's claim for extension of death benefits from the Life Plan under the Life Policies that is the subject of the above-styled action. Lincoln specifically denies that it was the Plan Administrator of the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Regarding the allegations of Paragraph 6 of the Complaint, Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the LTD Policy and extension of death benefits from the Life Plan under the Life Policies, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

## INTRODUCTION

7. Regarding the allegations of Paragraph 7 of the Complaint, to the extent that Paragraph 7 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8. Regarding the allegations contained in Paragraph 8 of the Complaint, Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan and the Life Plan sponsored by Aronov to provide long term disability benefits and extension of death benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations of Paragraph 9 of the Complaint, Lincoln admits Plaintiff was, at certain times, employed by Aronov as an executive assistant, and that Plaintiff's last day of work at Aronov was December 23, 2016. Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations of Paragraph 10 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Regarding the allegations of Paragraph 11 of the Complaint, Lincoln admits that it sent a letter dated August 8, 2017, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Regarding the allegations of Paragraph 12 of the Complaint, Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the LTD Policy. Lincoln admits that it sent a letter dated May 15, 2018, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations of Paragraph 13 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated February 1, 2018, along with additional documentation, appealing the denial of extension of death benefits, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations of Paragraph 14 of the Complaint, Lincoln admits that it sent a letter dated April 4, 2018, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations of Paragraph 15 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated October 1, 2018, appealing the denial of extension of death benefits and further benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Regarding the allegations of Paragraph 16 of the Complaint, Lincoln admits that it sent a letter dated April 25, 2019, to Plaintiff's counsel, and Lincoln

refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Regarding the allegations of Paragraph 17 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated October 22, 2019, appealing the denial of further benefits from the LTD Plan under the LTD Policy. Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations of Paragraph 18 of the Complaint, Lincoln admits that it sent a letter dated February 21, 2020, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Regarding the allegations of Paragraph 19 of the Complaint, Lincoln admits that it sent a letter dated August 8, 2017, to Plaintiff and letters dated April 4, 2018, May 15, 2018, April 25, 2019, and February 21, 2020, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that physician peer reviews are contained in the

administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations of Paragraph 20 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Regarding the allegations of Paragraph 21 of the Complaint, Lincoln admits that it sent a letter dated August 2, 2019, to Plaintiff's counsel, and Lincoln

refers to the letter itself as the best evidence of its contents. Lincoln further admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations of Paragraph 22 of the Complaint, Lincoln denies these allegations.

23. Regarding the allegations of Paragraph 23 of the Complaint, to the extent that this Paragraph seeks to interpret either the LTD Policy or Life Policies or other documents relevant to the LTD Plan under the LTD Policy or the Life Plan under the Life Policies, Lincoln refers to the LTD Policy, the Life Policies, and the documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in paragraph 23 of the Complaint.

24. Regarding the allegations of Paragraph 24 of the Complaint, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Regarding the allegations of Paragraph 25 of the Complaint, to the extent that this Paragraph seeks to interpret either the LTD Policy or other documents relevant to the LTD Plan under the LTD Policy, Lincoln refers to the LTD Policy and the documents themselves as the best evidence of their contents. To the extent that Paragraph 25 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in paragraph 25 of the Complaint.

26. Regarding the allegations contained in Paragraph 26 of the Complaint, Lincoln admits that it was the claim administrator for Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and the Life Plan under the Life Policies that are the subject of the above-styled action. Lincoln admits that it issued the LTD Policy and Life Policies to Aronov, which, at certain times, insured benefits paid by the respective plans under the respective policies. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations contained in Paragraph 27 of the Complaint, Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any

specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Regarding the allegations of Paragraph 28 of the Complaint. Lincoln admits the LTD Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Regarding the allegations of Paragraph 29 of the Complaint. Lincoln admits the Life Policies include language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Life Plan, but Lincoln refers to the Life Policies themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Regarding the allegations of Paragraph 30 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Regarding the allegations of Paragraph 31 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Regarding the allegations of Paragraph 32 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its

contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Regarding the allegations of Paragraph 33 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Regarding the allegations of Paragraph 34 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Regarding the allegations of Paragraph 35 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Regarding the allegations of Paragraph 36 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Regarding the allegations of Paragraph 37 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and

Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Regarding the allegations of Paragraph 38 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Regarding the allegations of Paragraph 39 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Regarding the allegations of Paragraph 40 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Regarding the allegations of Paragraph 41 of the Complaint, Lincoln admits that it sent a letter dated August 8, 2017, to Plaintiff and letters dated April 4, 2018, May 15, 2018, April 25, 2019, and February 21, 2020, to Plaintiff's counsel and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Regarding the allegations of Paragraph 42 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Regarding the allegations of Paragraph 43 of the Complaint, Lincoln denies these allegations.

44. Regarding the allegations of Paragraph 44 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Regarding the allegations of Paragraph 45 of the Complaint, Lincoln denies these allegations.

46. Regarding the allegations of Paragraph 46 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and for extended death benefits from the Life Plan under the Life Policies, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Regarding the allegations of Paragraph 47 of the Complaint, Lincoln denies these allegations.

48. Regarding the allegations of Paragraph 48 of the Complaint, Lincoln admits only that its decisions on Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and claims for extended death benefits from the Life Plan under the Life Policies were based on the administrative record regarding such claims and that such decisions are governed by the terms of the respective policies. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

## CAUSES OF ACTION

### COUNT One:
### ERISA (Claim for Benefits Owed under Plan

49. Regarding the allegations of Paragraph 49 of the Complaint, Lincoln incorporates its responses to Paragraphs 1-48 by reference as if fully set forth herein.

50. Regarding the allegations of Paragraph 50 of the Complaint, Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan and the Life Plan sponsored by Aronov to provide long term disability benefits and extension of

death benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Regarding the allegations of Paragraph 51 of the Complaint, Lincoln denies these allegations. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies all allegations contained in the WHEREFORE Paragraph under the Prayer for Relief of the Complaint and Paragraphs 1-8 thereunder and denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

## FOR A SECOND DEFENSE

52. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to LTD benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

## FOR A THIRD DEFENSE

53. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

## FOR A FOURTH DEFENSE

54. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands,

and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

55. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

56. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SEVENTH DEFENSE**

57. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR AN EIGHTH DEFENSE**

58. Plaintiff's claim against Lincoln is barred because she failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR A NINTH DEFENSE**

59. Lincoln Life reserves the right to assert additional defenses.

WHEREFORE, Lincoln prays that the Court dismiss the Complaint with prejudice, enter judgment that Plaintiff recovers nothing by this action, award Lincoln its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and award Lincoln such other and further relief to which it may show itself entitled.

Respectfully submitted,

s/ *Matthew W. Robinett*

MATTHEW W. ROBINETT
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

AND

Iwana Rademaekers
(*Pro Hac Vice Motion Pending*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Amanda Stansberry-Johns (ASB-7793-M64S)
Email: amanda@stansberrylaw.com

*/s/ Matthew W. Robinett*
Matthew W. Robinett